

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00006-CV

**IN THE MATTER OF THE MARRIAGE OF CARLOS Y. BENAVIDES, JR. AND
LETICIA R. BENAVIDES**

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2011PB6000081L2-A
Honorable Hugo Martinez, Judge Presiding

PER CURIAM

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: May 1, 2024

DISMISSED FOR WANT OF JURISDICTION

On January 3, 2024, appellant Leticia R. Benavides filed a notice of appeal indicating that she wished to challenge the trial court's October 5, 2023 order on her Motion to Modify Temporary Orders Pending Appeal. The clerk's record, which was filed on February 7, 2024, shows the challenged order arose out of appellant's request for temporary orders pending appeal pursuant to section 6.709 of the Texas Family Code.

Section 6.709 provides, "In a suit for dissolution of a marriage, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order as considered equitable and necessary for the preservation of the property and for the protection of the parties during an appeal[.]" TEX. FAM. CODE ANN. § 6.709(a). "The trial court retains jurisdiction to modify and enforce a temporary order under this section unless the appellate court,

on a proper showing, supersedes the trial court's order." *Id.* § 6.709(j). If a trial court renders or modifies a temporary order under section 6.709, a party may seek review of that order by: "(1) motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case; (2) proper assignment in the party's brief; or (3) petition for writ of mandamus." *Id.* § 6.709(*l*). "A temporary order rendered under [section 6.709] is not subject to interlocutory appeal." *Id.* § 6.709(m).

Here, the "judgment in the case"—the final decree in the underlying divorce proceeding—has already been considered by this court, and appellant's petition for review from our opinion and judgment in that appeal is currently pending in the Texas Supreme Court. *See In re Matter of Marriage of Benavides*, No. 04-20-00599-CV, 2023 WL 1806844, at *14 (Tex. App.—San Antonio Feb. 8, 2023, pet. filed) (affirming the final decree of divorce); *see also* TEX. R. CIV. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."). The plain language of section 6.709 does not appear to authorize a new, independent direct appeal from the order appellant seeks to challenge here. *See* TEX. FAM. CODE § 6.709(*l*), (m).

On February 15, 2024, we ordered appellant to show cause in writing why this appeal should not be dismissed for want of jurisdiction. On March 18, 2024, appellant filed the response required by our order. In her response, appellant argues this court has "potential jurisdiction over the appeal from the judgment in the case" because the Texas Supreme Court may remand her appeal from the final divorce decree back to this court. Assuming, without deciding, that this interpretation of "potential jurisdiction" is accurate, appellant's notice of appeal in this case is not a motion or brief filed in the appeal from the final divorce decree. TEX. FAM. CODE § 6.709(*l*)(1), (2). Additionally, neither appellant's notice of appeal nor her response to our order satisfy the requirements of a petition for writ of mandamus. *Id.* § 6.709(*l*)(3); *see also* TEX. R. APP. P. 52.3.

Appellant's notice of appeal in this case is an interlocutory appeal from the denial of her motion to modify a temporary order, and Section 6.709(m) of the Texas Family Code provides that an interlocutory appeal is not permitted under these circumstances. *See id.* § 6.709(m).

In her response, appellant asks us to abate this appeal rather than dismissing it, noting that we have abated three related appeals pending the resolution of her petition for review in the Texas Supreme Court. We decline to do so in this case. Even if we assume the Texas Supreme Court will eventually rule in appellant's favor in the appeal from the final divorce decree, Section 6.709(m) precludes an interlocutory appeal under these circumstances. *See id.*

For these reasons, we dismiss this appeal for want of jurisdiction.

PER CURIAM